# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY JONES,<br><br>            Petitioner,<br><br>      v.<br><br>PHIFER,<br><br>            Respondent. | Case No. 1:20-cv-00755-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF MANDAMUS<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE |

Petitioner Jeremy Jones is a state prisoner proceeding *pro se* with a petition for writ of mandamus and request for emergency injunctive relief. As this Court does not have jurisdiction to entertain the instant petition, the undersigned recommends that the petition be dismissed.

**I.**

**DISCUSSION**

In the petition, Petitioner seeks a writ of mandamus and emergency injunctive relief against the warden and various staff members to refrain from imposing any disciplinary actions or retaliating against Petitioner for following his doctor's instructions to lie down in a dark and quiet room when experiencing the onset of a migraine. (ECF No. 1 at 1).[1]

"The writ of mandamus is a 'drastic and extraordinary' remedy 'reserved for really extraordinary causes.'" In re Van Dusen, 654 F.3d 838, 840 (9th Cir. 2011) (quoting Ex parte

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1  Fahey, 332 U.S. 258, 259–60 (1947)). See Gulfstream Aerospace Corp. v. Mayacamas Corp.,
2  485 U.S. 271, 289 (1988) ("This Court repeatedly has observed that the writ of mandamus is an
3  extraordinary remedy, to be reserved for extraordinary situations.").

4        The federal mandamus statute provides: "The district courts shall have original
5  jurisdiction of any action in the nature of mandamus to compel *an officer or employee of the*
6  *United States or any agency thereof* to perform a duty owed to the plaintiff." 28 U.S.C. § 1361
7  (emphasis added). "The federal courts are without power to issue writs of mandamus to direct
8  state courts or their judicial officers in the performance of their duties . . . ." Clark v.
9  Washington, 366 F.2d 678, 681 (9th Cir. 1966). See also Davis v. Lansing, 851 F.2d 72, 74 (2d
10  Cir. 1988) ("The federal courts have no general power to compel action by state officials . . . .").

11        The extraordinary remedy of mandamus is not available in the instant case because the
12  named Respondent is not an officer, employee, or agency of the United States, and the Court
13  lacks jurisdiction to compel action by California state officials. Accordingly, the petition for writ
14  of mandamus should be dismissed for lack of jurisdiction. Further, the Court finds that Petitioner
15  is not entitled to emergency injunctive relief. See Zepeda v. U.S. I.N.S., 753 F.2d 719, 727 (9th
16  Cir. 1983) ("A federal court may issue an injunction [only] if it has personal jurisdiction over the
17  parties and subject matter jurisdiction over the claim[.]").

18        The Court notes that it appears Petitioner may be attempting to challenge his conditions
19  of confinement as unconstitutional. Such claims may be more appropriately alleged in civil
20  actions pursuant to 42 U.S.C. § 1983, which "creates a private right of action against individuals
21  who, acting under color of state law, violate federal constitutional or statutory rights." Hall v.
22  City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012) (internal quotation mark omitted)
23  (quoting Devereaux v. Abbey, 263 F.3d 1070, 107 (9th Cir. 2001)). See Preiser v. Rodriguez,
24  411 U.S. 475, 499 (1973) ("[A] § 1983 action is a proper remedy for a state prisoner who is
25  making a constitutional challenge to the conditions of his prison life."). The Court further notes
26  that mandamus and prisoner civil rights actions differ in a variety of respects, such as filing fees,[2]

---

[2] The filing fee for § 1983 civil rights cases is $350, and Petitioner is required to pay the full amount by way of deductions from income to Petitioner's trust account, even if granted *in forma pauperis* status. See 28 U.S.C. § 1915(b)(1).

exhaustion requirements,[3] and restrictions on future filings (e.g., the Prison Litigation Reform Act's three-strikes rule). A dismissal of Petitioner's petition for writ of mandamus would not preclude Petitioner from filing claims under 42 U.S.C. § 1983 in the future, and this Court takes no position on the merits of such claims.

## II.

## RECOMMENDATION AND ORDER

Based on the foregoing, the undersigned HEREBY RECOMMENDS that the petition for writ of mandamus and declaratory relief be DISMISSED for lack of jurisdiction.

Further, the Court DIRECTS the Clerk of Court to randomly ASSIGN a District Court Judge to the present matter.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **July 15, 2020**          /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE

---

[3] Section 1997e(a) of the Prison Litigation Reform Act of 1995 provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).